BOOTH, Judge.
This cause is before us on appeal from an order of the trial court granting final summary judgment in favor of Appellee Perry Baird, administrator of the Illinois Estate of Steven Ray Brown. We affirm the order of the trial court but certify a question of great public importance.
Appellant Warren Nichols was injured in a traffic accident while a passenger on a bus owned and driven by Florida resident Steven Ray Brown. Brown died as a result of the accident, leaving assets in both Florida and Illinois. Nichols subsequently filed a complaint against Mary Brown, personal representative of Steven Brown’s Florida estate (the domiciliary estate), alleging that Steven Brown negligently and wantonly operated the bus which caused Nichols’ injuries.[1] Following an offer of settlement pursuant to section 768.79, Florida Statutes, which was accepted by Brown, the trial court entered final judgment in favor of Nichols for $100,-000.
Two days later Nichols amended his complaint, joining Baird, administrator of Steven Brown’s Illinois estate (the ancillary estate), as a party defendant. The amended complaint was virtually identical to his initial complaint, except for the addition of Baird. Baird responded by filing a motion for summary judgment, asserting that Nichols’ claims were barred because of the doctrines of res judicata, collateral estoppel, estoppel by judgment, satisfaction and release, and the rule prohibiting splitting causes of action. Following the submission of memoranda and a hearing, the trial court granted Baird’s motion without explanation. This appeal followed.
We hold that Nichols is barred from bringing suit against Steven Brown’s ancillary estate after previously compromising and settling the identical claim against the domiciliary estate. Although the estates contain different assets and are, as a general rule, governed by the law in which situated, they are part of the entire estate of Stephen Brown, the lone tortfeasor whose allegedly negligent acts served as the basis for both suits. Thus, we affirm,-but certify the following question of great public importance:
DOES THE SETTLEMENT OF A SUIT AND SUBSEQUENT ENTRY OF JUDGMENT AGAINST THE ADMINISTRATOR OF A FLORIDA DOMICILIARY ESTATE BAR THE PLAINTIFF FROM SUBSEQUENTLY BRINGING AN IDENTICAL SUIT AGAINST THE ADMINISTRATOR OF A FOREIGN ANCILLARY ESTATE?
JOANOS and VAN NORTWICK, JJ., concur.

. John Nichols, as personal representative of the estate of Helen Nichols, was also a plaintiff in the suit. Helen Nichols, Warren's sister, was killed in the same accident.